UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAYMOND TAYLOR,**

 **Plaintiff,**

**v.**                   **Case No: 5:23-cv-10-BJD-PRL**

**LOWES HOME IMPROVEMENT, LLC,**

 **Defendant.**

### ORDER

Plaintiff, Raymond Taylor, who is proceeding *pro se*, filed this employment discrimination action asserting violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 1201, against Defendant, Lowes Home Improvement, LLC. Plaintiff now seeks to proceed *in forma pauperis* (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed *in forma pauperis* will be taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend his Complaint.

 **I.** **LEGAL STANDARDS**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from

such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

## II. DISCUSSION

Plaintiff's complaint attempts to make out employment discrimination claims based upon workplace incidents. Plaintiff asserts that as an employee of Lowe's, "fellow employees/ [sic] management" discriminated against him on the basis of race, color, and disability. (Doc. 1 at 6-7).

The factual allegations of Plaintiff's complaint are confined to five short paragraphs, where he alleges discrimination and retaliation. Plaintiff alleges that someone damaged his vehicle and that upon telling his manager no further action was taken. (Doc. 1-8). He alleges that he was told by management he would be taken off the work schedule if he did not attain a perfect score on an internal examination. *Id.* Later, human resources informed Plaintiff that no particular score was needed on the examination and that he had been given false information. *Id.* Plaintiff thereafter reported the individuals who provided the false information, and he alleges that retaliation against him intensified after reporting their behavior. *Id.*

As an initial matter, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

Next, Plaintiff's complaint fails to sufficiently plead claims under either Title VII or the ADA. Plaintiff purportedly asserts claim under Title VII for unequal terms or conditions of employment and retaliation.[1] Plaintiff's complaint fails to allege essential elements of these Title VII claims, including that Plaintiff himself is a member of a protected class. *See Concannon v. International Cruise & Excursions, Inc.*, No. 6:18-cv-2093-Orl-37LRH, 2019 WL 4395258, at *2 (M.D. Fla. May 28, 2019) (dismissing Title VII claim where plaintiff did not "identify what protected class he is referring to or how he was discriminated against based on such protected characteristic."). Aside from checking boxes indicating discrimination based on race and color, Plaintiff fails to explain or specify how he is a member of a protected class. Indeed, the form complaint states, "check all that apply and explain," but Plaintiff fails to provide any explanation on the lines provided. (Doc. 1 at 7).

Likewise, Plaintiff's claims fail because he has made insufficient allegations to assert a claim under the ADA. Notably, despite checking a box alleging discrimination based on disability, Plaintiff fails to sufficiently allege that he has a disability, a necessary element to state an ADA claim. *See Hunter v. Atlanta Public Schools*, No. 1:18-cv-00869-JPB-AJB, 2020 WL 10574759, at *6 (N.D. Ga. Aug. 12, 2020) (outlining allegations necessary to state an ADA claim, including that plaintiff allege a disability); *see also Burks v. DeepSeafood*, No. 22-00008-TFM-B, 2022 WL 16825206, at *7 (S.D. Ala. Aug. 9, 2022) (denying plaintiff's ADA claim where he merely alleged he had a disability, without specifying the disability). Accordingly, Plaintiff has failed to state claims under either Title VII or the ADA.

---

[1] Plaintiff seems to also allege some degree of a hostile work environment claim, though he failed to check the box for such a claim.

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how the defendant is responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **March 6, 2023**, to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult

the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on February 14, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties